IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK WHITE, N92529,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 22-cv-02973-SMY |
| **WEXFORD HEALTH SOURCES, INC.,** <br> **C. LUKING,** <br> **NURSE JANE DOE 1,** <br> **and DOCTOR JOHN DOE 1,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Patrick White, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Illinois River Correctional Center,[1] brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations resulting from the denial of medical care for two broken fingers at Lawrence Correctional Center. The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-46): Plaintiff injured his hand in a fight with another inmate on February 22, 2022. *Id*. at 7. Lawrence's nursing staff determined that treatment at an outside hospital was necessary. Officers Goodchilds and Ruhol transported Plaintiff to Carle Richland Medical Hospital the same day. X-rays confirmed

---

[1] Plaintiff advised the Court that he transferred from Lawrence Correctional Center to Illinois River Correctional Center in a Notice of Address Change filed May 16, 2023. (Doc. 17).

1

that Plaintiff suffered two broken fingers on his right hand. The emergency room nurse recommended treatment with a bone specialist within 3 days. Plaintiff was taken back to Lawrence and placed in segregation, where no doctor followed up with him to review the x-rays, take additional x-rays, treat his pain, or develop a treatment plan.

Nurse Luking first examined Plaintiff's hand on March 3, 2022. *Id*. at 8. She told Plaintiff that he would be taken to see a bone specialist about his left leg that day and could address his finger fractures at the same appointment. When Plaintiff attempted to do so, the specialist said that the prison provided no information about his right hand. Officers Goodchilds and Ruhol returned Plaintiff to the prison without treatment of his broken fingers.

Plaintiff submitted a sick call slip on March 10, 2022. Nurse Backer responded on March 14, 2022, 4 days later. After Plaintiff updated her, Nurse Backer scheduled him to see Nurse Luking as soon as possible. But, Nurse Luking did not meet with him until March 22, 2022. *Id*. at 9. When he told her that it had been 30 days since his injury, Nurse Luking submitted a request for an emergency medical writ. Wexford Health Sources, Inc, and the facility director did not approve the writ for 3 days. By the time Plaintiff finally met with a bone specialist about his two broken fingers on March 25, 2022, the specialist explained that his fingers had healed improperly, causing permanent loss of mobility and arthritis.

Plaintiff complained to Nurse Luking about finger pain on March 30, 2022. She prescribed him Meloxin (7.5 mg) and muscle rub (85 mg) and put in a request for therapy. Plaintiff was taken back to the bone specialist for appointments on April 22, 2022 and June 7, 2022, but the specialist said that she could do nothing more for him. *Id*. at 10. At a subsequent appointment at the prison on June 10, 2022, Nurse Wise said that Wexford could not find any paperwork from his orthopedist.

Plaintiff further alleges that Wexford responded to his serious medical needs with deliberate indifference by disregarding clear findings of an injury to his right hand and by failing to follow treatment protocols set forth in Administrative Directives 4.03.120-.121; that Nurse Luking exhibited deliberate indifference to his serious medical needs by disregarding his injuries and ignoring his requests for prompt treatment; and that Doctor John Doe 1 and Nurse Jane Doe 1 failed to develop a treatment plan for timely and adequate care of his broken fingers and related pain. *Id*. at 11-13, 14, 15-17.

## Preliminary Dismissals

In the statement of his claim, Plaintiff mentions the names of numerous individuals who are not identified as defendants, such as Officers Goodchilds, Officer Ruhol, Nurse Backer, and Nurse Wise, among others. Because they are not specifically identified as such, the Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

## Discussion

The Court designates the following claim in this *pro se* Complaint:

Count 1: Defendants denied Plaintiff adequate medical care for two broken fingers he sustained at Lawrence on February 22, 2022, in violation of his rights under the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

### Count 1

The Eighth Amendment governs Plaintiff's claims for the denial of medical care for his two fractured fingers. In order to articulate a colorable claim, Plaintiff must plead facts sufficient to show that he suffered from an "objectively, sufficiently serious" medical condition, which is generally one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). He must also sufficiently allege that prison officials responded with deliberate indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

Here, the allegations suggest that Plaintiff suffered from an objectively serious medical need, *i.e.*, fractured fingers, and that Nurse Luking, Nurse Jane Doe 1, and Doctor John Doe 1 responded with deliberate indifference by denying timely and adequate treatment for his injuries and related pain. Therefore, Count 1 will proceed against these defendants.

Wexford is a private corporation that employs medical providers to provide medical care at the prison. However, the corporation cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be held liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff identifies no policy or custom attributable to Wexford. Therefore, Count 1 will be dismissed without prejudice against Wexford.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Count 1 against Defendants Nurse Jane Doe 1 and Doctor John Doe 1. However, because these defendants must be identified with particularity before service of the Complaint can be made on them, Plaintiff will have the opportunity to engage

4

in limited discovery to ascertain their identities. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Lawrence Correctional Center will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of these unknown defendants are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Request for Injunctive Relief

Plaintiff seeks injunctive relief[3] in the form of appropriate medical treatment for his broken fingers, but he is no longer housed at Lawrence Correctional Center where his injuries occurred. As Defendants no longer have the ability to take any action regarding his medical treatment, an order granting his request for injunctive relief would serve no purpose. If Plaintiff anticipates returning to Lawrence and facing the same conditions described herein, he may renew his request for injunctive relief by filing a motion in this case. *See Young v. Lane*, 922 F.2d 370, 373-74 (7th Cir. 1991) (the likelihood of being transferred back to an institution is a factual determination for the district court). Plaintiff's request for injunctive relief is **DENIED without prejudice**.

### Pending Motions

Plaintiff's Motion for Judgment on the Pleadings (Doc. 21) and Motion for Writ of Habeas Corpus ad testificandum (Doc. 22) are **DENIED** as **PREMATURE**. This case survives screening and will be served on the defendants, who must file Answers to the Complaint before the Court enters a Scheduling and Discovery Order with further instructions and deadlines for litigation.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1**

---

[3] He has not requested interim injunctive relief in the form of a temporary restraining order or preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

will proceed against **NURSE LUKING, NURSE JANE DOE 1,** and **DOCTOR JOHN DOE 1,** in their individual capacities. However, **COUNT 1** is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCE, INC.** for failure to state a claim.

The **WARDEN OF LAWRENCE CORRECTIONAL CENTER**, in his or her official capacity only, is **ADDED** as a defendant for purposes of identifying the two unknown defendants.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendant **WEXFORD HEALTH SOURCE, INC.** and **ADD** Defendant **WARDEN OF LAWRENCE CORRECTIONAL CENTER** in CM/ECF.

The Clerk shall prepare for the **WARDEN OF LAWRENCE CORRECTIONAL CENTER** (official capacity only), **NURSE C. LUKING**, and, once identified, **NURSE JANE DOE 1** and **DOCTOR JOHN DOE 1**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. **Because the Warden of Lawrence Correctional Center is named in his or her official capacity only for purposes of identifying the unknown defendants, it is not necessary to file an Answer to the Complaint; a Notice of Appearance is sufficient.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Because Count 1 arises from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:    August 17, 2023**              *s/ Staci M. Yandle*
                                            **STACI M. YANDLE**
                                            **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.