IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| PATRICK WHITE, N92529, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-2973-RJD |
| v. | ) ) | |
| CARISSA LUKING, ANGELA GOBER, and DR. VIPIN SHAH, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Vipin Shah. Doc. 70. Plaintiff filed a Response to Defendant Shah's Motion (Doc. 73), as well as Motions for Recruitment of Counsel (Docs. 68, 74, 75, and 77) and Motions for Status (Docs. 76, 78, and 80). As explained further, Defendant Shah's Motion is DENIED and Plaintiff's Motions are GRANTED.

Background

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), alleges that he was involved in an altercation at Lawrence Correctional Center ("Lawrence") on February 22, 2022. Doc. 1, p. 7. Staff in the healthcare unit at Lawrence examined his hand and received approval to transfer him to an outside hospital. *Id*. At the hospital, x-rays reflected that two of Plaintiff's fingers were broken. *Id*. A nurse told him to return to the hospital within three days to see an orthopedic specialist so that a cast could be placed on his hand. *Id*., p. 27. Upon

his return to Lawrence, Plaintiff was placed in segregation. *Id*., p. 7. He received no pain medication and he alleges that Dr. Shah did not order a visit with the specialist or any other treatment for Plaintiff's broken bones. *Id*., pp. 7, 16. Consequently, Plaintiff did not return to the outside hospital within three days to see the specialist. *Id*.

One month later, Plaintiff saw a nurse and told her that he had received no treatment for his hand since the day of the fight. *Id*., p. 8. The nurse arranged for Plaintiff to see Nurse Practitioner Luking on March 22, 2022. *Id*., p. 9. Nurse Practitioner Luking received approval for Plaintiff to see a specialist at the outside hospital on March 25, 2022. *Id*. The specialist told Plaintiff that the prison "took too long…treat[ing] the broken bones" and his bones had not healed correctly. *Id*. The specialist further told Plaintiff that he would have limited functioning in the right hand for the rest of his life. *Id*.

Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff proceeds on one claim of Eighth Amendment deliberate indifference against Defendants Shah, Luking, and Nurse Angela Gober.[1] Defendant Shah moves for summary judgment, contending that Plaintiff failed to exhaust his administrative remedies.

## Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on

---

[1] The Clerk of Court is directed to update the docket to reflect that Defendant Luking's full and correct name is Carissa Luking. Doc. 33.

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id*. § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 Ill. Admin. Code § 504.850(d) and (e).

### Relevant Grievances

Plaintiff's grievance records reflect that prior to filing suit, he fully exhausted two grievances related to his allegations in this lawsuit.

**Grievance #03-22-350, dated March 28, 2022 (Doc. 71-1, pp. 20-23)**

Plaintiff wrote that he learned his hand was broken on February 22, 2022 and that staff at the outside hospital "scheduled for me to see them back in 3 days." Plaintiff did not see the specialist until one month later when he learned that it was too late for treatment and he would

have permanent issues with his right hand and mobility.

**Grievance 06-22-019, dated June 6, 2022 (Doc. 71-1, pp. 16-19)**

Plaintiff wrote that he broke his right hand on February 22, 2022 and was never treated. He wanted "[a] treatment plan and surgery to fix my hand."

## Discussion

Dr. Shah's only argument is that the two fully exhausted grievances do not mention him by name or any other description. The Illinois Administrative Code did not require Plaintiff to identify him by name, only to include as much information as possible regarding the grieved issue so that prison administrators had a fair opportunity to address Plaintiff's issues before he filed suit. *See Woodford v. Ngo*, 548 U.S 81, 95 (2006). Plaintiff alleges in his Complaint that Dr. Shah failed to develop a treatment plan for timely and adequate care for his injuries and pain. That is the same information that Plaintiff provided in the June 6, 2022 grievance-that he needed a treatment plan for the injuries in his right hand.

The record reflects that Plaintiff did not know Dr. Shah's name when he submitted this grievance, and he still did not know his name when he filed this lawsuit-presumably because, according to Plaintiff's allegations, Dr. Shah never spoke to him or examined his hand. Nonetheless, Plaintiff provided all of the information known to him in the June 6, 2022 grievance (and also in the March 28, 2022 grievance) and it "belies reason to suggest that prison administrators at Lawrence were unaware" that a physician in the health care unit was responsible for developing treatment plans for inmates. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Perhaps Defendant Shah was not the physician in the health care unit who was responsible for developing Plaintiff's treatment plans, but he does not make that argument. Consequently, Dr. Shah's Motion for Summary Judgment is DENIED.

**Motions for Recruitment of Counsel (Docs. 68, 74, 75, 77)**

There is no statutory or constitutional right to counsel in a civil case. However, this Court may recruit an attorney to represent a litigant who cannot afford counsel. 28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Plaintiff attempted to find his own attorney. Doc. 77, pp. 4-9. While Plaintiff has competently litigated this case thus far, the parties now proceed to substantive discovery and the issues Plaintiff must now litigate (in particular, whether earlier or specific treatment for his hand would have made a difference in his outcome) are complex enough to warrant recruitment of counsel. Plaintiff's Motions for Recruitment of Counsel (Docs. 68, 74, 75, 77) are GRANTED.

Therefore, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.8 and 83.9(b), Attorney Elizabeth E. Babbitt of the firm Taft Stettinius & Hollister LLP is **ASSIGNED** to represent Plaintiff Patrick White in this civil rights case. On or before February 26, 2025, assigned counsel shall enter her appearance in this case. Attorney Babbitt is free to share responsibilities with an attorney in her firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that another attorney may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Babbitt. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(b)(4). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. SDIL-LR 83.13(b). The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and

procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org.  He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Attorney Information" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

Patrick White, #N92529
ILLINOIS RIVER CORRECTIONAL CENTER
1300 West Locust
PO Box 999
Canton, IL 61520

### Motions for Status (Docs. 76, 78, 80)

Plaintiff's Motions for Status request an update on this case.  These motions are GRANTED to the extent that the orders entered today will update Plaintiff on the status of his case.  Dr. Shah's Motion for Summary Judgment on the Issue of Administrative Remedy Exhaustion is DENIED and Plaintiff's Motions for Recruitment of Counsel are GRANTED.   The Court will now enter a Scheduling Order that will set deadlines for discovery, dispositive and *Daubert* motions, a final pretrial conference, and a jury trial.

**IT IS SO ORDERED.**

**DATED:   February 12, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**